No. 2188.
Second Circuit Appeal.

## JAMES C. DAVIS, DIRECTOR GENERAL OF RAILROADS, AS AGENT, v. W. R. O'NEAL, INCORPORATED.

(Feb. 20, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. Louisiana Digest—Carriers and Passengers and Goods—Par. 160.

The railroad cannot recover for an undercharge for freight more than four years prior to the filing of suit.

Appeal from Thirteenth Judicial District Court of Louisiana, Parish of Rapides, Hon. John A. Williams, Judge.

REYNOLDS, J.

Action to recover $389.19, undercharge on four cars of bulk oats shipped from Durant, Oklahoma, to Alexandria, Louisiana, during the months of July and August, 1919, and $11.67 war tax.

Defendant denied liability. There was judgment for defendant and plaintiff appealed. Affirmed.

Hawthorn & Stafford, of Alexandria, attorneys for plaintiff and appellant.

White, Hollomon & White, attorneys for defendant and appellee.

## OPINION.

The Durant Grain & Elevator Company of Durant, Oklahoma, in July and August, 1919, shipped to itself, shipper's order, notify W. R. O'Neal, to Alexandria, Louisiana, four cars of bulk oats, i. e., shipped the oats "bill of lading attached", which means that the Durant Grain & Elevator Company sent its bill of lading to some bank in Alexandria, Louisiana, and that W. R. O'Neal, Incorporated, in order to get said bill of lading paid for purchase price of the oats by paying the railroad company the freight charges and the bank the purchase price of said oats agreed, less the amount paid for freight; thereby paying the full purchase price of the oats at the time it received the same.

The suit is against W. R. O'Neal, Incorporated, for an additional freight charge of 15½ cents per hundred pounds on the four cars of oats shipped, claimed by reason of improper routing caused by the Durant Grain & Elevator Company or the railroad and for which W. R. O'Neal was in no way responsible and out of which it received no advantage.

If by any possible combination of circumstances W. R. O'Neal, Incorporated, had received the oats on payment of a less freight rate than that established by law for transporting bulk oats from Durant, Oklahoma, to Alexandria, Louisiana, it would owe the difference; but having paid the established freight rate to the railroad company and having paid the Durant Grain & Elevator Company the full purchase price of the oats, less the freight, can we, in accordance with law or good conscience, require W. R. O'Neal, Incorporated, to pay the additional freight rate claimed in this case? Especially in view of the fact that the oats were delivered in 1919 and that in 1920 the railroad company attempted to collect the difference in freight from the Durant Grain & Elevator Company, as shown by letters filed in evidence and marked Plaintiff's 1 and 2, and that this suit was not filed until April 1924.

We have not been cited to any law under which the defendant could be held responsible for an error in routing the shipment of oats committed either by the railroad company or the Durant Grain & Elevator Coompany more than four years prior to the filing of this suit and out of which the defendant received no advantage whatever; and we know of none.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmd at plaintiff's costs, on this the 12th of February, 1925.